Honorable Barbara J. Rothstein

JUL 03 2002

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

This document relates to USDC for the District of Minnesota; Cause No. 01-2122

TAMMY TAYLOR,

Plaintiff,

vs.

BRISTOL-MYERS SQUIBB COMPANY,

Defendant.

NO. MDL 1407

ANSWER AND ADDITIONAL DEFENSES AND JURY DEMAND OF BRISTOL-MYERS SQUIBB COMPANY

COMES NOW, DEFENDANT, Bristol-Myers Squibb Company ("BMS") by way of Answer to the Complaint, says:

CV 02 00035 #00000009



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

9

1. BMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and therefore denies them.

2. BMS admits only that it is a Delaware corporation. The remaining allegations of paragraph 2 of the Complaint are denied.

3. BMS admits only that it distributed and sold certain over the counter ("OTC") cough and cold products under the Comtrex® brand name, certain formulations of which, at certain times, contained PPA. The remaining allegations of paragraph 3 of the Complaint are denied.

4. BMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore denies them.

5. Paragraph 5 has been omitted from the Complaint and therefore no response is required.

6. BMS denies the allegations of paragraph 6 of the Complaint.

7. BMS admits only that jurisdiction is appropriate. The remaining allegations of paragraph 7 of the Complaint are denied.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

8. In response to paragraph 8 of the Complaint, BMS repeats and incorporates by reference its responses to all preceding paragraphs of this Answer as if set forth at length herein.



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

9. The allegations of paragraph 9 of the Complaint consist of legal conclusions and, therefore, no response is required. To the extent a response is required, BMS states that it did not beach any duty owed to plaintiff. The remaining allegations of paragraph 9 of the Complaint are denied.

10. BMS denies allegations of paragraph 10 of the Complaint.

11. BMS admits that its Comtrex® brand products were safe for use in accordance with its labeling, The remaining allegations of paragraph 11 of the Complaint are denied.

12. BMS denies the allegations of paragraph 12 of the Complaint.

## SECOND CLAIM

## STRICT LIABILITY

13. In response to paragraph 13 of the Complaint, BMS repeats and incorporates by reference its responses to all preceding paragraphs of this Answer as if set forth at length herein.

14. BMS admits only that it marketed, advertised, distributed and sold certain OTC cough and cold products under the Comtrex® brand name, certain formulations of which, at certain times, contained PPA. The remaining allegations of paragraph 14 of the Complaint are denied.

15. BMS denies the allegations of paragraph 15 of the Complaint.

16. BMS denies the allegations of paragraph 16 of the Complaint.



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**THIRD CLAIM**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

17. In response to paragraph 17 of the Complaint, BMS repeats and incorporates by reference its responses to all preceding paragraphs of this Answer as if set forth at length herein.

18. The allegations of paragraph 18 of the Complaint consist of legal conclusions and, therefore, no response is required. To the extent a response is required, the allegations of paragraph 17 of the Complaint are denied. .

19. BMS denies the allegations of paragraph 19 of the Complaint.

**FOURTH CLAIM**

**BREACH OF EXPRESS WARRANTY**

20. In response to paragraph 20 of the Complaint, BMS repeats and incorporates by reference its responses to all preceding paragraphs of this Answer as if set forth at length herein.

21. The allegations of paragraph 21 of the Complaint consist of legal conclusions and, therefore, no response is required. To the extent a response is required, BMS denies that it breached any duty owed to plaintiff. The remaining allegations of paragraph 21 of the Complaint are denied. .

22. BMS denies the allegations of paragraph 22 of the Complaint.



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## FIFTH CLAIM

## STRICT LIABILITY MISREPRESENTATION

23. In response to paragraph 23 of the Complaint, BMS repeats and incorporates by reference its responses to all preceding paragraphs of this Answer as if set forth at length herein.

24. BMS admits only that it marketed, advertised, distributed and sold Comtrex®, certain formulations of which, at certain times contained PPA. The remaining allegations of paragraph 24 of the Complaint are denied

25 BMS denies the allegations of paragraph 25 of the Complaint.

26 BMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint regarding plaintiff's alleged use of any Comtrex® product and therefore denies same. The remaining allegations of paragraph 26 of the Complaint are denied.

27. BMS denies the allegations of paragraph 27 of the Complaint.

## SIXTH CLAIM

## NEGLIGENT MISREPRESENTATION

28. In response to paragraph 23 of the Complaint, BMS repeats and incorporates by reference its responses to all preceding paragraphs of this Answer as if set forth at length herein.

29. BMS denies the allegations of paragraph 29 of the Complaint.

30. BMS denies the allegations of paragraph 30 of the Complaint.



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

31. BMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint regarding plaintiff's alleged use of any Comtrex® product and therefore denies same. The remaining allegations of paragraph 31 of the Complaint are denied.

32. BMS denies the allegations of paragraph 32 of the Complaint.

## SEVENTH CLAIM

## VIOLATION OF THE FALSE STATEMENT IN ADVERTISING ACT AND THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT

33. In response to paragraph 33 of the Complaint, BMS repeats and incorporates by reference its responses to all preceding paragraphs of this Answer as if set forth at length herein.

34. BMS denies the allegations of paragraph 34 of the Complaint.

35. BMS states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint regarding plaintiff's alleged use of any Comtrex® product and therefore denies same. The remaining allegations of paragraph 35 of the Complaint are denied.

36. BMS denies the allegations of paragraph 36 of the Complaint.

37. BMS denies the allegations of paragraph 37 of the Complaint.



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**EIGHTH CAUSE OF ACTION**

**NEGLIGENCE PER SE OF BRISTOL-MYERS**
**VIOLATION OF MINN. STAT. §§ 151.34 AND 151.36**

38. In response to paragraph 38 of the Complaint, BMS repeats and incorporates by reference its responses to all preceding paragraphs of this Answer as if set forth at length herein.

39. BMS denies the allegations of paragraph 39 of the Complaint

40. BMS denies the allegations of paragraph 40 of the Complaint.

41. BMS again denies the allegations of paragraph 40 of the Complaint, which was asserted twice in the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST SEPARATE DEFENSE**

Plaintiff's Complaint fails to state a claim, in whole or in part, against this defendant upon which relief may be granted.

**SECOND SEPARATE DEFENSE**

Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations and/or statute of repose.

**THIRD SEPARATE DEFENSE**

Plaintiff's Complaint must be dismissed due to insufficient service of process.



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**FOURTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because plaintiff failed to identify any purported injuries or damages with sufficient particularity.

**FIFTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine(s) contained in Restatement (Second) of Torts § 402A, Comment k.

**SIXTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines contained in the Restatement (Third) of Torts, Product Liability, because the defendant's product complied with applicable product safety statutes and administrative regulations.

**SEVENTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Section 6(c) and (d) of the Restatement (Third) of Torts: Product Liability. Reasonable physicians knowing of the reasonably foreseeable risks and therapeutic benefits associated with defendant's products would have prescribed and did prescribe their products for classes of patients. In addition, this defendant provided reasonable instructions or warnings to prescribing patients.

**EIGHTH SEPARATE DEFENSE**

All actions taken by BMS were reasonable.



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**NINTH SEPARATE DEFENSE**

Discovery may show that plaintiff's claims are barred, in whole or in part, by plaintiff's misuse or abnormal use of product(s) containing PPA or the failure to follow product instructions.

**TENTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because plaintiff, by electing to ingest product(s) containing PPA, assumed the risks apparent or disclosed on the product label, and plaintiff waived and/or is estopped from asserting any claim related to such risks.

**ELEVENTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the product(s) containing PPA were designed, manufactured, marketed, and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

**TWELFTH SEPARATE DEFENSE**

Any verdict rendered against defendant must be reduced under the laws of the State of Minnesota by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or other health or employee benefits plan.



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the injuries, damages and losses alleged in the Master Complaint, none being admitted, were caused in whole, in part or proximately by the fault or negligence of plaintiff or others, which by comparison was far greater than any conduct alleged as to BMS. Accordingly, plaintiff's claims are barred or must be reduced under the doctrine of contributory or comparative fault.

FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims must be barred, in whole or in part, because defendant alleges that if the acts and events occurred as alleged in the Complaint, at all times material, plaintiff consented to them.

FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties over which BMS had no control, or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

SIXTEENTH SEPARATE DEFENSE

Discovery may show that plaintiff's claims are barred by the "learned intermediary" or "informed intermediary" doctrine.



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**SEVENTEENTH SEPARATE DEFENSE**

Plaintiff's claims must be barred, in whole or in part, because the injuries or damages sustained by plaintiff, if any, can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained, if any.

**EIGHTEENTH SEPARATE DEFENSE**

Any alleged negligent or culpable conduct of BMS, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

**NINETEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred because plaintiff's alleged injuries, in whole or in part, if caused by PPA, are the result of plaintiff's own pre-existing idiosyncratic injuries or conditions or allergic reactions for which BMS is not responsible.

**TWENTIETH SEPARATE DEFENSE**

Plaintiff's claims are barred because plaintiff's alleged injuries, in whole or in part, if caused by PPA, were the direct result of pre-existing medical conditions or occurred by operation of nature, all of which are unrelated to any conduct of, or product marketed, distributed or sold by BMS.



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**TWENTY-FIRST SEPARATE DEFENSE**

Discovery may show that plaintiff's damages, if any, are limited, in whole or in part, by plaintiff's failure to mitigate.

**TWENTY-SECOND SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because BMS complied with all federal and state statutes as well as all administrative regulations.

**TWENTY-THIRD SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because products containing PPA are comprehensively regulated by the United States Food and Drug Administration pursuant to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301 et seq., and regulations and orders promulgated thereunder. Accordingly, plaintiff's claims, including any claims for exemplary or punitive damages, are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**TWENTY-FOURTH SEPARATE DEFENSE**

BMS has no legal relationship or privity with plaintiff and owes no duty to plaintiff by which liability could be attributed to it. BMS breached no duty allegedly owed to plaintiff.

**TWENTY-FIFTH SEPARATE DEFENSE**

BMS made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiff. If any such warranties were made, whether express or implied, which BMS specifically denies, then plaintiff failed to give notice of any breach



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

thereof. The plaintiff does not have a cause of action against this defendant for breach of either express or implied warranties or strict liability under the laws of the State of Minnesota, and such claims are specifically barred.

**TWENTY-SIXTH SEPARATE DEFENSE**

Plaintiff's claims are barred because the use of products containing PPA was generally recognized as safe and effective pursuant to conditions established by the Food and Drug Administration and applicable regulations, including packaging and labeling regulations.

**TWENTY-SEVENTH SEPARATE DEFENSE**

Plaintiff's allegations of fraud and/or fraudulent concealment and deceptive trade practices are not stated with the degree of particularity required by the Federal Rules of Civil Procedure Rule 9 and should be dismissed.

**TWENTY-EIGHTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, ratification, or laches.

**TWENTY-NINTH SEPARATE DEFENSE**

Plaintiff failed to comply with the notice requirements of Minnesota Statutes § 604.04.



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## THIRTIETH SEPARATE DEFENSE

Defendant's products were manufactured under conditions and procedures and with products as used by other reputable manufacturers of such products and complied with the standards of the industry as of the time of manufacture. Such products were safe for their intended use and were not defective or unreasonably dangerous.

## THIRTY-FIRST SEPARATE DEFENSE

Defendant invokes all state of the art defenses applicable to plaintiff's claims, including the state of the art applicable to the industry in question, medicine, medical science and all others, alleging that it discharged, according to law and due care, each and every duty which it may have owed.

## THIRTY-SECOND SEPARATE DEFENSE

Plaintiff may have settled her claims for alleged injuries and damages with certain third parties. Defendant, therefore, is, in any event, entitled to credit in the amount of any such settlement heretofore or hereafter made between the plaintiffs and any such third parties.

## THIRTY-THIRD SEPARATE DEFENSE

Plaintiff's Complaint is equitably barred because plaintiff's failure to join all necessary indispensable parties precludes the Court from granting complete relief to those who are parties to the action and will result in prejudice to BMS.



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**THIRTY-FOURTH SEPARATE DEFENSE**

Defendant alleges that, even if it was liable to plaintiff, which is denied, it would not and could not be a joint or concurrent tortfeasor with one or more third parties, and would not and could not be jointly and severally liable with one or more other third parties. This action therefore cannot be maintained against defendant, and it must be dismissed.

**THIRTY-FIFTH SEPARATE DEFENSE**

Any claims alleging that the product allegedly sold by defendant and allegedly used by plaintiff was unsafe or defective are preempted by federal law and the product of defendant was in compliance with applicable federal law. Alternatively, the Federal Government has partially preempted the field of law applicable to such products. Plaintiff's causes of action, therefore, fail to state a claim upon which relief can be granted because, if granted, they would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of such products and would violate the supremacy clause, Article VI clause 2, of the United States Constitution.

**THIRTY-SIXTH SEPARATE DEFENSE**

Although it is denied that plaintiff is entitled to judgment in any amount against it, defendant would show that any judgment against it is limited to the applicable amount or percentage of its liability.

**THIRTY-SEVENTH SEPARATE DEFENSE**

If defendant is found to be negligent or otherwise liable for plaintiff's injuries, which liability is denied, then defendant alleges that plaintiff was negligent in her conduct in ways not



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

presently known, which negligence proximately caused or contributed to any such injuries of which plaintiff complains and thus operates to diminish or bar plaintiff's recovery.

**THIRTY-EIGHTH SEPARATE DEFENSE**

Defendant is not liable for any injuries or damages plaintiff may have incurred as a consequence of any use of defendant's products not specifically authorized in written information accompanying its products in accordance with applicable law.

**THIRTY-NINTH SEPARATE DEFENSE**

Plaintiff's claims for damages seek recovery for an alleged defect in defendant's products that was beyond the state of the art for the manufacture of them or for the warnings that applied to their use

**FORTIETH SEPARATE DEFENSE**

To the extent that plaintiff relies upon any theory of breach of warranty, such claims are barred due to lack of privity with defendant, for failure of plaintiff to give timely notice of any alleged breach of warranty, and by reason of disclaimers.

**FORTY-FIRST SEPARATE DEFENSE**

Defendant hereby gives notice that to the extent the sophisticated purchaser doctrine is applicable to any of the allegations contained in the Complaint, defendant intends to rely upon same in defense of this action.



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**FORTY-SECOND SEPARATE DEFENSE**

Defendant hereby specifically denies each and every allegation contained in the Complaint by which liability is sought to be imposed upon it and gives notice that it intends to rely upon such other affirmative defenses as may become available or known to it during the course of disclosure and discovery and it reserves the right to amend this Answer to assert any such defenses.

**FORTY-THIRD SEPARATE DEFENSE**

Defendant alleges that any and all warranties that may form a basis for plaintiff's claims for relief were adequately disclaimed as stated by defendant

**FORTY-FOURTH SEPARATE DEFENSE**

Plaintiff is not entitled to compensatory damages, including incidental and consequential damages, interest, attorney's fees, cost of suit, or any other relief including punitive damages under any applicable state law, federal law, or common law.

WHEREFORE, defendant Bristol-Myers Squibb Company requests plaintiff's Complaint to be dismissed with prejudice with its costs and it requests any other relief to which it may be entitled.



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## DEMAND FOR JURY TRIAL

Defendant Bristol-Myers Squibb hereby demands a trial by jury as to all issues.

DATED this 2nd day of July, 2002.

BETTS, PATTERSON & MINES, P.S.

By ______________________________
Christopher W. Tompkins, WSBA #11686
Attorneys for Defendant Bristol-Myers Squibb Company

Michael Tanenbaum
SEDGWICK, DETERT, MORAN & ARNOLD
One Gateway, 11th Floor
Newark, NJ 07102
Phone: 973-242-0002



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**CERTIFICATE OF SERVICE**

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the state of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On July 3rd, 2002 I caused to be served via U.S. Mail, postage prepaid, a copy of the within **Answer and Additional Defenses and Jury Demand of Defendant Bristol-Myers Squibb Company** on defendants' liaison counsel as shown below:

D. Joseph Hurson
Lane Powell Spears Lubersky
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338

Douglas A. Hofmann
Williams Kastner Gibbs
601 Union Street, Suite 4100
P. O. Box 21926
Seattle, WA 98111-3926

Dated this 3rd day of July, 2002, at Seattle, Washington.

Barbara J. Conger



Betts
Patterson
Mines
One Convention Place, Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

FILED ENTERED
LODGED RECEIVED

SEP 19 2002

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION,

This document relates to:

Taylor v. Bristol-Myers Squibb Co., No. 02-35...

MDL NO. 1407

ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND ALLOWING FILING OF ANSWER

cc: counsel

Plaintiff filed a Motion for Default Judgment on the basis that defendant failed to file an answer in accordance with Federal Rule of Civil Procedure 12(a)(1)(A). The court hereby lifts the stay of this proceeding for the sole and limited purpose of considering this motion.

Plaintiff filed her complaint on November 20, 2001, meaning that, under normal circumstances, defendant's answer would have been filed no later than December 20, 2001. However, the Judicial Panel on Multidistrict Litigation subjected plaintiff's case to a Conditional Transfer Order dated December 12, 2001, which was certified on December 28, 2001. Pursuant to Case Management Order No. 1, the case was stayed upon its transfer into the MDL. As such, the unique procedural status of this case impeded defendant from filing an answer with either the transferor or the



CV 02 00035 #00000008

8

MDL court.

For this reason, defendant's motion for default judgment is DENIED. Additionally, because no answer exists in response to plaintiff's complaint, the court shall afford defendant twenty (20) days from the date of this order within which to file an answer.

DATED at Seattle, Washington this 19th day of September, 2002.

BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE