# UNITED STATES DISTRICT COURT

## District of Minnesota

FILED LODGED RECEIVED ENTERED

JAN 16 2002

AT SEATTLE CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF WASHINGTON BY DEPUTY

***RESPOND TO:***

( ) THIRD DIVISION 708 Federal Bldg , 316 N Robert St., St Paul, MN 55101 Phone (651)-848-1100
( X ) FOURTH DIVISION 202 U S Courthouse, 300 S 4th St , Mpls , MN 55415 Phone (612) 664-5000
( ) FIFTH AND SIXTH DIVISION 417 Federal Bldg , 515 W 1st St , Duluth, MN 55802 Phone (218)-529-3500

| | |
|---|---|
| **DATE:** January 11, 2002 | **CIVIL FILE NUMBER:** 01-2122 ADM/AJB/ CV 02-0035 |
| **CASE TITLE:** Tammy Taylor -VS- Bristion-Meyers Squibb | |
| | The above entitled action was: ( ) removed from county court OR ( ) transferred from another district, filed in the ( ) St. Paul-3rd Division ( X ) Minneapolis-4th Division ( ) Duluth-5th Division ( ) Fergus Falls-6th Division on________, assigned to Judge ________ and Magistrate Judge ____ Please direct future filings to the office indicated |
| | The above entitled action was filed in this court on _________, assigned to Judge ___________ and referred to U S. Magistrate Judge ___________ The file will be maintained at the Clerk's Office in ( ) St. Paul, ( ) Minneapolis or ( ) Duluth. Please note this information for future reference cc to: |
| | **LR79.1(d) and/or LR 37.2 DISCOVERY MOTIONS:** <u>Discovery documents</u> are returned pursuant to Local Rule |
| | A certified copy of the Order of Remand is enclosed. |
| XXX | The above entitled action is being transferred to your court pursuant to Order of Judge <u>Clerk of the Panel</u> filed <u>1/8/02</u> A certified copy of the order and docket entries are included, along with the original court file Please acknowledge receipt of this file by returning a date-stamped copy of this notice indicating the filing date and civil case number assigned in your court |
| | A Bill of Costs is to be submitted on a form as provided by the court Form AO 133 and instructions for completion are attached |
| | Your original documents are returned. <u>Copies</u> of state court documents were submitted when the action was removed to this court |
| | OTHER |

Deputy Clerk M K. Corey

CV 02-0035 #5

Forms/cklist f wpd

5

U.S. District Court
U.S. District Court -- Western Washington (Seattle)

CIVIL DOCKET FOR CASE #: 02-CV-35

Taylor v. Bristol-Myers Squibb
Assigned to: Judge Barbara J. Rothstein
Demand: $0,000
Lead Docket: None
Dkt # in Dist of Minnesota : is 01-cv-2122

Filed. 01/16/02
Jury demand: Plaintiff
Nature of Suit: 365
Jurisdiction: Diversity

Cause: 28:1332 Diversity-Product Liability

TAMMY TAYLOR
plaintiff

David L Suggs
[COR LD NTC]
BROSNAHAN JOSEPH & SUGGS
701 FOURTH AVE S
STE 500
MINNEAPOLIS, MN 55415
612-337-9599

v.

BRISTOL-MYERS SQUIBB COMPANY
defendant

Richard James Nygaard
612-340-7952
[COR LD NTC]
Doreen A Mohs
612-340-7952
[COR LD NTC]
RIDER BENNETT EGAN & ARUNDEL
2000 METRO CTR
333 S 7TH STREET
MINNEAPOLIS, MN 55402
612-340-7952

Proceedings include all events.
2:02cv35 Taylor v. Bristol-Myers Squibb

| | | |
|---|---|---|
| **1/16/02** | 5 | TRANSMITTAL OF DOCUMENTS from Dist of Minnesota per MDL Order (CTO-7) dated 12/12/01 re: MDL 1407 (PPA). Dist of MN case no. 01-cv-2122. (vb) [Entry date 03/20/02] [Edit date 03/21/02] |

TRMNTC MDL
TRANSF

U.S. District Court
District of Minnesota

CIVIL DOCKET FOR CASE #: 01-CV-2122

Taylor v. Bristol-Myers Squibb — Filed: 11/21/01
Assigned to: Judge Ann D Montgomery — Jury demand: Plaintiff
Referred to: Magistrate Judge Arthur J Boylan
Demand: $75,000 — Nature of Suit: 365
Lead Docket: None — Jurisdiction: Diversity
Dkt# in other court: None

Cause: 28:1332 Diversity-Product Liability

| | |
|---|---|
| TAMMY TAYLOR<br>plaintiff | David L Suggs<br>[COR LD NTC]<br>Brosnahan Joseph & Suggs<br>701 Fourth Ave S Ste 500<br>Minneapolis, MN 55415<br>(612) 337-9599 |
| v. | |
| BRISTOL-MYERS SQUIBB COMPANY<br>defendant | Richard James Nygaard<br>FAX 6123407900<br>[COR LD NTC]<br>Doreen A Mohs<br>FAX 6123407900<br>[COR LD NTC]<br>Rider Bennett Egan & Arundel<br>2000 Metro Ctr<br>333 S 7th St<br>Mpls, MN 55402<br>612-340-7952 |

A true copy in 2 sheet (s)
of the record in my custody,
CERTIFIED, 1/11 20 02
Richard D. Sletten, Clerk
BY: [signature]
Deputy Clerk

| | | |
|---|---|---|
| 11/21/01 | 1 | COMPLAINT - Summons issued. DEMAND FOR JURY TRIAL Assigned to Judge Ann D. Montgomery per master list and referred to Magistrate Judge Arthur J. Boylan. Receipt # 421160 for $150.00 (10 pgs) (mc) [Entry date 11/23/01] |
| 11/21/01 | -- | Mailed copies of complaint and docket sheets to MDL Panel. (mc) [Entry date 11/23/01] |
| 12/3/01 | 2 | RETURN OF SERVICE re: summons & complaint - executed upon defendant Bristol-Myers Squibb on 11/30/01 (1 pg) (mc) [Entry date 12/06/01] |
| 12/21/01 | -- | NOTICE by defendant Bristol-Myers Squibb of association of counsel Richard James Nygaard, Doreen A Mohs (mik) |
| 12/21/01 | 3 | STIPULATION AND ORDER (Magistrate Judge Arthur J. Boylan) It is ordered that the deft shall have until 1/25/02 to answer the complaint 2pg(s)(cc: all counsel) (gs) [Entry date 12/28/01] |
| 1/8/02 | 4 | CERTIFIED COPY OF CONDITIONAL TRANSFER ORDER (Michael J. Beck, Clerk of Panel / 12/12/01) transferring case to the Wester District of Washington per the MDL panel. Action has been assigned to the Honorable Barbar Jacobs Rothstein. (2 pgs) (cc: all counsel) (mc) [Entry date 01/11/02] |
| 1/8/02 | -- | Sent certifed copy of of transfer order, and docket sheets, together with the clerks file to the Western District of Washington, U.S. Courthouse, Suite 215, Seattle, Washington, 98104 (mc) [Entry date 01/11/02] |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
OFFICE OF THE CLERK

BRUCE RIFKIN
CLERK

WILLIAM KENZO NAKAMURA
U.S COURTHOUSE, SUITE 215
SEATTLE, WASHINGTON 98104

January 4, 2002

Richard Sletten, Clerk
US District Court
700 Warren E. Burger Fed. Bldg
316 North Robert St
St Paul, MN 55101

IN RE: MDL 1407 (PPA) PHENYLPROPANOLAMINE PRODUCTS LIABILITY LITIGATION

Dear Clerk:

Enclosed is a certified copy of the Transfer Order (CTO-7) entered by the Judicial Panel on Multidistrict Litigation. The Order became effective December 28, 2001. We have assigned an individual Western District of Washington (WAW) case number to your case to be transferred to us as listed below.

Please send us your file along with a certified copy of your docket entries. When you send your file, please refer to our civil action number.

| Title of Case | Your Number | WAW Number |
|---|---|---|
| 1. Taylor vs. Bristol-Myers Squibb | 0:01-2122 | CV02-0035 |

Sincerely,

BRUCE RIFKIN, CLERK
By [signature]
Mary Duett, Deputy Clerk
206-553-4080 ext 2154

C1-01-2122 ADM/AJB

A CERTIFIED TRUE COPY

DEC 28 2001

ATTEST
FOR THE JUDICIAL PANEL OF
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 12 2001

FILED
CLERK'S OFFICE

***DOCKET NO. 1407***

***BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION***

***IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION***

***(SEE ATTACHED SCHEDULE)***

***CONDITIONAL TRANSFER ORDER (CTO-7)***

On August 28, 2001, the Panel transferred eight civil actions to the United States District Court for the Western District of Washington for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Since that time, more than 80 additional actions have been transferred to the Western District of Washington. With the consent of that court, all such actions have been assigned to the Honorable Barbara Jacobs Rothstein.

It appears that the actions listed on the attached schedule involve questions of fact which are common to the actions previously transferred to the Western District of Washington and assigned to Judge Rothstein

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), the actions listed on the attached schedule are hereby transferred under 28 U.S.C §1407 to the Western District of Washington for the reasons stated in the order of August 28, 2001, and, with the consent of that court, assigned to the Honorable Barbara Jacobs Rothstein.

This order does not become effective until it is filed in the office of the Clerk of the United States District Court for the Western District of Washington. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

A true copy in 2 sheet (s)
of the record in my custody,
CERTIFIED 1-8 2002
Richard D. Sletten, Clerk
BY: [signature]
Deputy Clerk

FOR THE PANEL:

Michael J. Beck
Michael J. Beck
Clerk of the Panel

Inasmuch as no objection is pending at this time, the stay is lifted.

DEC 28 2001

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

I hereby certify that the annexed instruments is a true and correct copy of the original on file in my office
ATTEST BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By [signature]
Deputy Clerk

1-8-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. MKS
DEPUTY CLERK

(4)

# SCHEDULE CTO-7 TAG ALONG CASES
# DOCKET NO. 1407
# IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

| DISTRICT | DIV | CIVIL ACTION# | | |
|---|---|---|---|---|
| **ALABAMA MIDDLE** | | | | |
| ALM | 2 | 01-1280 | Waters, et al. v. Bayer Corp. | |
| **CALIFORNIA CENTRAL** | | | | |
| CAC | 2 | 01-9867 | Iturbe v. Novartis Corp., et al. | |
| **CONNECTICUT** | | | | |
| CT | 3 | 01-2093 | Lewis, et al. v. GlaxoSmithKline, PLC, et al. | |
| **INDIANA NORTHERN** | | | | |
| INN | 2 | 01-599 | Baranowski, et al. v. American Home Products Corp. | |
| **KENTUCKY EASTERN** | | | | |
| KYE | 5 | 01-437 | Morford, et al. v. American Home Products Corp. | |
| **KENTUCKY WESTERN** | | | | |
| KYW | 1 | 01-182 | Anderson, et al. v. American Home Products Corp., et al. | |
| ~~KYW~~ | ~~3~~ | ~~01-631~~ | ~~Horne v. American Home Products, et al.~~ | OPPOSED 12/20/01 |
| **LOUISIANA EASTERN** | | | | |
| ~~LAE~~ | ~~2~~ | ~~01-3477~~ | ~~Martin v. Bayer Corp., et al.~~ | OPPOSED 12/27/01 |
| ~~LAE~~ | ~~2~~ | ~~01-3478~~ | ~~Favorite, et al. v. Bayer Corp., et al~~ | OPPOSED 12/27/01 |
| ~~LAE~~ | ~~2~~ | ~~01-3479~~ | ~~Mosley, et al. v. Bayer Corp., et al.~~ | OPPOSED 12/27/01 |
| ~~LAE~~ | ~~2~~ | ~~01-3480~~ | ~~Sumling, et al. v. Bayer Corp., et al.~~ | OPPOSED 12/27/01 |
| ~~LAE~~ | ~~2~~ | ~~01-3484~~ | ~~Garrison, et al. v. Whitehall-Robins Healthcare, et al.~~ | OPPOSED 12/27/01 |
| ~~LAE~~ | ~~2~~ | ~~01-3487~~ | ~~Bardales, et al. v. Whitehall-Robins Healthcare, et al.~~ | OPPOSED 12/27/01 |
| ~~LAE~~ | ~~2~~ | ~~01-3490~~ | ~~Craft, et al. v. Whitehall-Robins Healthcare, et al.~~ | OPPOSED 12/27/01 |
| LAE | 2 | 01-3504 | Nichols v. Bayer Corp., et al. | |
| LAE | 2 | 01-3505 | Spitale, et al. v. Bayer Corp., et al. | |
| ~~LAE~~ | ~~2~~ | ~~01-3522~~ | ~~Lee, et al. v. Whitehall-Robins Healthcare, et al~~ | OPPOSED 12/27/01 |
| **LOUISIANA MIDDLE** | | | | |
| LAM | 3 | 01-1006 | Ambrose, etc. v. Thompson Medical Co. | |
| LAM | 3 | 01-1013 | O'Bear v. Novartis Consumer Health, Inc., et al. | |
| LAM | 3 | 01-1025 | Beattie, et al. v. Novartis Consumer Health, et al. | |
| **LOUISIANA WESTERN** | | | | |
| LAW | 1 | 01-2073 | Finnester v. Whitehall-Robins Healthcare, et al. | |
| LAW | 3 | 01-2096 | Weaver v. CCA Industries, Inc. | |
| LAW | 3 | 01-2280 | Toombs v. Bayer Corp., et al. | |
| LAW | 6 | 01-2438 | Guilbeau, et al. v. Novartis Pharmaceuticals Corp., et al. | |
| LAW | 6 | 01-2439 | Bartram, et al. v. Bayer Corp., et al. | |
| **MINNESOTA** | | | | |
| MN | 0 | 01-2122 | Taylor v. Bristol-Myers Squibb Co. | |
| **MISSOURI EASTERN** | | | | |
| MOE | 4 | 01-353 | Williams v. Novartis Consumer Health, Inc. | |
| **NEW YORK SOUTHERN** | | | | |
| NYS | 1 | 01-8840 | Stevens, et al. v. American Home Products Corp., et al. | |
| **OHIO NORTHERN** | | | | |
| OHN | 1 | 01-2526 | Kopecky, etc. v. American Home Products Corp. | |
| OHN | 3 | 01-7567 | Allison, et al. v. Chattem, Inc. | |
| **TENNESSEE EASTERN** | | | | |
| TNE | 1 | 01-329 | Walker v. American Home Products Corp., et al. | |
| TNE | 1 | 01-331 | White, et al. v. American Home Products Corp. | |
| **TENNESSEE MIDDLE** | | | | |
| TNM | 3 | 01-1488 | Noaman, et al. v. Block Drug Co. | |
| TNM | 3 | 01-1489 | Norman, et al. v. Bayer Corp. | |
| **TEXAS WESTERN** | | | | |
| TXW | 3 | 01-401 | Deselles v. GlaxoSmithKline, PLC | |

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tammy Taylor,

Plaintiff, **Civil Case No. 01-2122 ADM/AJB**

vs.

Bristol-Myers Squibb Company,

**Defendant.**

**STIPULATION EXTENDING TIME TO ANSWER, MOVE OR PLEAD AND ORDER**

Pursuant to Federal Rule Civ. P. 6, Plaintiff and Defendant, through their respective undersigned attorneys, hereby stipulate that Defendant shall have until **January 25, 2002**, to file an answer, motion or other pleading in response to Plaintiff's Complaint.

Following service of the Complaint, defendant needed to find Minnesota counsel for representation in this matter and will need additional time to forward relevant information to its attorneys for responding to the Complaint There have been no prior stipulated extensions

LOPEZ, HODES, RESTAINO, MILMAN, SKIKOS & POLOS

By *[signature]*
David L. Suggs (0147485)
27995 Boulder Circle
Shorewood, MN 55331
(952) 401-4377
**Counsel for Plaintiff**

DATED: *December 19*, 2001

FILED DEC 21 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK *[initials]*

*(3)*

RIDER, BENNETT, EGAN & ARUNDEL, LLP

By Doreen A. Mohs

Richard J. Nygaard (80226)
Doreen A Mohs (249968)
333 South Seventh Street
Suite 2000
Minneapolis, Minnesota 55402
(612) 340-7912/8979
**Counsel for Defendant**

DATED: December 17, 2001

**ORDER**

Based upon the foregoing statements and Stipulation, IT IS ORDERED that defendant has until January 25, 2002, to answer, move or otherwise plead in response to plaintiff's Complaint

DATED: 12/21, 2001

Arthur J. Boylan
United States Magistrate Judge

**Fax Client Server AT ~8DC-MN-StPaul@~8CA-StLouis**

12/21/2001 04 02 PM

To Mike Chutich/MND/08/USCOURTS, Cyndee Francis AT ~8DC-MN-Minneapolis@~8DC-MN-StPaul@~8CA-StLouis@CA08_cc mail, Jon Mayer AT ~8DC-MN-Minneapolis@~8DC-MN-StPaul@~8CA-StLouis@CA08_cc mail

cc

Subject Fax send info for 0 01cv2122

Case 0:01cv2122 sent to be faxed 12/21/01 at 15 56:07 09

| | | | |
|---|---|---|---|
| Suggs, David L | Brosnahan Joseph & Su | 701 Fourth Ave | N/A – MAILED |
| Nygaard, Richar | Rider Bennett Egan & | 333 S 7th St | 93407900 |
| Mohs, Doreen A | Rider Bennett Egan & | 333 S 7th St | 93407900 |

Tammy Taylor, et. al., Plaintiff(s)
vs.
Bristol-Myers Squibb Company, et. al., Defendant(s)

RECEIVED
01 DEC -3 AM 10:44
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MN

Service of Process by
APS International, Ltd.
1-800-328-7171

Law Firm Requesting Service:
LOPEZ, HODES, RESTAINO, ET AL
Ms. Lisa Sles
450 Newport Center Drive
Second Floor
Newport Beach, CA 92660
Customer File:

# AFFIDAVIT OF SERVICE ON A CORPORATION

--Bristol-Myers Squibb Company, c/o CT Corporation Systems, Inc.

Court Case No. 01-CV-2122 ADM/AJB

State of: Minnesota ) ss.
County of: Hennepin )

**Name of Server:** Joe Carson, undersigned, being duly sworn, deposes and says that at the time of service, s/he was over the age of twenty-one, was not a party to this action;

**Date/Time of Service** that on 30-Nov-2001 02:57 pm

**Place of Service:** at CT Corporation, city of Minneapolis, state of MN

**Documents Served:** the undersigned served the documents described as:
Civil Cover Sheet
Summons and Complaint

**Service of Process on, Person Served, and Method of Service:** A true and correct copy of the aforesaid document(s) was served on:
Bristol-Myers Squibb Company, c/o CT Corporation Systems, Inc.
By delivering them into the hands of an officer or managing agent whose name and title is
Deb VanNess, Regisered Agent

**Description of Person Receiving Documents:** The person receiving documents is described as follows:
Sex F ; Skin Color white ; Hair Color blonde ; Facial Hair N/A
Approx. Age 42 ; Approx Height 5'04" ; Approx. Weight 140

☑ To the best of my knowledge and belief, said person was not engaged in the US Military at the time of service

**Signature of Server:** Undersigned declares under penalty of perjury that the foregoing is true and correct.

[signature] 11.30.2001
Signature of Server (Date)

Subscribed and sworn to before me this 30th day of November, 2001
[signature]
Notary Public (Commission Expires)

APS International, Ltd.
APS International Plaza 7800 Glenroy Rd.
Minneapolis, MN 55439-3122

APS File: 49720-1

FILED DEC 03 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK [initials]

GREGORY K. JOHNSON
NOTARY PUBLIC MINNESOTA
MY COMMISSION EXPIRES
JANUARY 31 2005

(2)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

CIVIL 01- 2122 ADM/AJB

Tammy Taylor,

Plaintiff,

COMPLAINT

vs.

DEMAND FOR JURY TRIAL

Bristol-Myers Squibb Company,

Defendant

Plaintiff Tammy Taylor, by and through her attorneys, Lopez, Hodes, Restaino, Milman, Skikos & Polos, for her causes of action against defendant alleges the following:

PRELIMINARY ALLEGATIONS

1 At all material times, plaintiff Tammy Taylor was a citizen of the State of Minnesota.

2. At all material times, defendant Bristol-Myers Squibb Company (hereinafter referred to as "Bristol-Myers") was a Delaware corporation.

3. At all material times, defendant Bristol-Myers was engaged in the manufacture, sale and distribution of the over-the-counter pharmaceutical Comtrex Tablets and Comtrex Liquid-Gels (hereinafter referred to as "Comtrex").

4. Plaintiff Tammy Taylor purchased Comtrex from K-Mart in International Falls, Minnesota. She last used Comtrex on January 6, 1996 at approximately 5:00 p.m. At approximately 5:30 - 6:00 p.m. on January 6, 1996,

FILED NOV 2 1 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

plaintiff experienced the onset of an explosive headache She went to the emergency room at International Falls Memorial Hospital in International Falls, Minnesota and was thereafter admitted to the hospital. Her CT scan showed a subarachnoid hemorrhage. Mrs. Taylor was transferred to the Neuroscience ICU at St. Mary's Hospital in Duluth, Minnesota on January 8, 1996 for additional work-up and treatment A cerebral angiogram was negative for aneurysm or AVM. Mrs Taylor remained hospitalized for 7 days She has been unemployed from her a job as a medical claims reviewer and the recipient of social security disability benefits since the time of her stroke.

## DAMAGES

6. As a direct and proximate result of the acts and omissions of the defendant, plaintiff Tammy Taylor has sustained permanent and devastating injuries. These injuries have caused, and will continue in the future to cause, extensive pain and suffering, emotional distress, and have substantially reduced the plaintiff's ability to enjoy life, and to expend substantial sums of money for medical, hospital, and related care, and will be required to do so in the future, all to the plaintiff's general damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00)

## JURISDICTION

7. This Court has jurisdiction pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00, and because there is complete diversity of citizenship between the plaintiff and the defendant.

///

FIRST CAUSE OF ACTION

(Negligence of Bristol-Myers)

8 Plaintiff incorporates by reference paragraphs 1 through 7, inclusive, of this Complaint as though fully set forth herein

9. At all material times, Bristol-Myers had a duty to exercise reasonable care in all aspects of the testing, labeling, marketing, sale and provision of adequate warnings regarding the use of Comtrex, to ensure the safety of the product and to ensure that the consuming public, including plaintiff and her physicians, obtained accurate information and instructions for the safe use of Comtrex.

10. At all material times, Bristol-Myers knew, or in the exercise of reasonable care should have known, that Comtrex could cause injury to patients, such as the plaintiff, if it was not properly tested, labeled, distributed, marketed, sold and warned about.

11. Each of the following acts and omissions herein alleged were negligently performed or omitted by Bristol-Myers, resulting in a breach of the duties set forth above These acts and omissions include, but are not restricted to, negligent research of Comtrex, negligent testing of Comtrex, negligent failure to give adequate instructions for the safe use of Comtrex, and negligent failure to give adequate warnings to the plaintiff, her physicians, and the public in general of the potentially dangerous, defective, and unsafe propensities of Comtrex and of the risks associated with its use.

12. As a direct and proximate result of the negligence of Bristol-Myers, plaintiff sustained the damages and injuries set forth above

///

///

///

SECOND CAUSE OF ACTION

(Strict Liability of Bristol-Myers)

13. Plaintiff incorporates by reference paragraphs 1 through 12, inclusive, of this Complaint as though fully set forth herein.

14. At all material times, defendant Bristol-Myers manufactured, marketed and sold Comtrex used by the plaintiff in the way it was intended to be used and in a manner which was reasonably foreseeable by defendant.

15. Comtrex was, at the time it left the defendant, a defective product, unreasonably dangerous for use, resulting in injury to the plaintiff as herein alleged.

16. The defective and unreasonably dangerous condition of Comtrex was the proximate cause of the injuries sustained by the plaintiff resulting in the damages and injuries set forth above Therefore, the plaintiff relies upon the doctrine of strict liability against Bristol-Myers.

THIRD CAUSE OF ACTION

(Breach of Implied Warranty of Merchantability
by Bristol-Myers)

17. Plaintiff incorporates by reference paragraphs 1 through 16, inclusive, of this Complaint as though fully set forth herein.

18. Bristol-Myers impliedly warranted to prospective purchasers and users, including the plaintiff, that Comtrex was safe, merchantable and fit for the ordinary purposes for which such goods are used

19. Bristol-Myers' breach of said implied warranties has directly resulted in the plaintiff's damages and injuries set forth above.

///

FOURTH CAUSE OF ACTION

(Breach of Express Warranty by Bristol-Myers)

20. Plaintiff incorporates by reference paragraphs 1 through 19, inclusive, of this Complaint as though fully set forth herein.

21. The Bristol-Myers Defendats expressly warranted to prospective purchasers and users, including the plaintiff, that Comtrex was safe for use

22. Bristol-Myers' breach of said express warranty has directly resulted in the plaintiff's damages and injuries set forth above.

FIFTH CAUSE OF ACTION

(Strict Liability Misrepresentation by Bristol-Myers)

23 Plaintiff incorporates by reference paragraphs 1 through 22, inclusive, of this Complaint as though fully set forth herein.

24. At all material times, Bristol-Myers were engaged in the business of selling over-the-counter pharmaceutical products including Comtrex.

25. Bristol-Myers made misrepresentations of material fact in standardized package inserts and advertising and promotional materials, concerning the safety and use of Comtrex to the public, which included the plaintiff and her physicians.

26. In reasonable reliance upon Bristol-Myers' misrepresentations, plaintiff was induced to, and did, use Comtrex.

27. As a direct and proximate result of Bristol-Myers' misrepresentations, plaintiff sustained the damages and injuries set forth above

SIXTH CAUSE OF ACTION

(Negligent Misrepresentation by Bristol-Myers)

28 Plaintiff incorporates by reference paragraphs 1 through 27, inclusive, of this Complaint as though fully set forth herein

29. Bristol-Myers falsely represented to plaintiff and her physicians that Comtrex was safe when used as instructed. These representations, that Comtrex was safe for its intended use when used as instructed and as labeled were false, as Comtrex was, in fact, dangerous to the health of plaintiff when used as intended

30. Bristol-Myers failed to exercise reasonable care in ascertaining the accuracy of the information regarding the safe use of Comtrex, and otherwise failed to exercise reasonable care in communicating the information to plaintiff and her physicians.

31. In reasonable reliance upon Bristol-Myers' misrepresentations, plaintiff was induced to, and did, use Comtrex

32 As a direct and proximate result of Bristol-Myers' misrepresentations, plaintiff sustained the damages and injuries set forth above.

<u>SEVENTH CAUSE OF ACTION</u>
(Violation of the False Statement in Advertising Act

and the Minnesota Prevention of Consumer Fraud Act)

33. Plaintiff incorporates by reference paragraphs 1 through 32, inclusive, of this Complaint as though fully set forth herein.

34 By reason of its conduct as alleged herein, Bristol-Myers violated the provisions of Minn. Stat. §§ 325F.67 and 325F.69 by inducing plaintiff to use Comtrex through the use of false and/or misleading advertising, representations and statements.

35. As a direct and proximate result of Bristol-Myers' statutory violations, plaintiff used Comtrex, and would not have used Comtrex, had

Bristol-Myers not issued false and/or misleading advertising, representations and statements to induce the use of Comtrex

36. By reason of such violations and pursuant to Minn. Stat. §§ 8.31 subd. 3a, 325F.67, and 325F.68-70, plaintiff is entitled to receive full and complete disclosure of all information known to Bristol-Myers concerning the dangers related to the use of Comtrex; to recover all of the monies paid for the product, to be compensated for the cost of medical care arising out of the use of the product, together with any and all other consequential damages recoverable under the law including, but not limited to, both past and future medical expenses, past and future pain, suffering, disability and emotional distress.

37. In addition, pursuant to Minn. Stat § 8 31, plaintiff is entitled to recover costs and disbursements, including costs of investigation and reasonable attorneys' fees, and any other equitable relief as determined by this Court

EIGHTH CAUSE OF ACTION

(Negligence Per Se of Bristol-Myers)

(Violation of Minn Stat §§ 151.34 and 151.36)

38 Plaintiff incorporates by reference paragraphs 1 through 37, inclusive, of this Complaint as though fully set forth herein.

39. By reason of its conduct as alleged herein, Bristol-Myers violated the provisions of Minn. Stat. §§ 151.34 and 151 36 by manufacturing, selling and delivering a drug that was misbranded into the stream of commerce in the State of Minnesota.

40. As a direct and proximate result of Bristol-Myers' statutory violations, plaintiff, as a member of the class protected by the above-mentioned statutes, sustained the damages and injuries set forth above

40. As a direct and proximate result of Bristol-Myers' statutory violations, plaintiff, as a member of the class protected by the above-mentioned statutes, sustained the damages and injuries set forth above

WHEREFORE, plaintiff Tammy Taylor demands judgment against Bristol-Myers as follows.

1. Awarding plaintiff compensatory damages against defendant of an amount in excess of Seventy-Five Thousand Dollars ($75,000),
2. Awarding plaintiff pre-judgment and post-judgment interest on the respective awards;
3. Awarding plaintiff her costs, disbursements, attorney's fees and such other and further relief as the Court may deem just and equitable.

A TRIAL BY JURY IS HEREBY DEMANDED.

Dated: November 20, 2001.

LOPEZ, HODES, RESTAINO,
MILMAN, SKIKOS & POLOS

By: [signature]
David L. Suggs (SB#0147485)
27995 Boulder Circle
Shorewood, MN 55331
(952) 401-4377

450 Newport Center Drive
Second Floor
Newport Beach, CA 92660
(949) 640-8222
ATTORNEYS FOR THE PLAINTIFF

# ACKNOWLEDGMENT

The allegations in this Complaint are well grounded in fact and are warranted by existing law or a good faith argument for its extension, modification or reversal. Plaintiff bring this Complaint in food faith and nor for any improper purposes. Plaintiff acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to defendant pursuant to Minn Stat. § 549.21, Subd. 2 and the Rules of Civil Procedure if there is an affirmative finding by the Court to the contrary

JS 44 (Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

**I. (a) PLAINTIFFS**

Tammy Taylor,

**DEFENDANTS**

Bristol-Myers Squibb Company

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Hennepin
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT New Jersey
(IN U S PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lopez, Hodes, Restaino, Milman, Skikos & Polos
450 Newport Center Drive, Second Floor
Newport Beach, California 92660 (949) 640-8222

ATTORNEYS (IF KNOWN)

Unknown

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U S Government Plaintiff
☐ 3 Federal Question (U S Government Not a Party)
☐ 2 U S Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT ) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT *(PLACE AN "X" IN ONE BOX ONLY)***

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med Malpractice
☒ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housings Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
HABEAS CORPUS
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R R & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt Relations
☐ 730 Labor/Mgmt Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl Ret Inc Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW(405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U S Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**V. ORIGIN** *(PLACE AN "X" IN ONE BOX ONLY)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☒ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI CAUSE OF ACTION** (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY )

(1) Negligence, (2) Strict Liability, (3) Breach of Implied Warranty of Merchantability, (4) Breach of Express Warranty, (5) Strict Liability Misrepresentation, (6) Negligent Misrepresentation, (7) Violation of the False Statement in Advertising Act, and (8) Negligence Per Se

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F R C P 23
DEMAND $ In Excess of $75,000
CHECK YES only if demanded in Complaint
JURY DEMAND ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions) **IF ANY**
JUDGE Honorable Barbara Jacobs Rothstein DOCKET NUMBER 1407

DATE 11/20/01
SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG JUDGE ______

JS 44 Reverse
(Rev. 3/99

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet Consequently a civil cover sheet is submitted to the **Clerk of Court for each** civil complaint filed The attorney filing a case should complete the form as follows

**1. (a)Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title

(b) (County of Residence. For each civil case filed, except U S plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing In U S plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing (NOTE In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved )

(c) Attorneys Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F R C P, which requires that jurisdictions be shown in pleadings Place an "X" in one of the boxes If there is more than one basis of jurisdiction, precedence is given in the order shown below

United States plaintiff (1) Jurisdiction based on 28 U S C 1345 and 1348 Suits by agencies and officers of the United States are included here

United States defendant (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box

Federal question (3) This refers to suits under 28 U S C 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States In cases where the U S is a party, the U S plaintiff or defendant code takes precedence, and box 1 or 2 should be marked

Diversity of citizenship (4) This refers to suits under 28 U S C 1332, where parties are citizens of different states When Box 4 is checked, the citizenship of the different parties must be checked (See Section III below, federal question actions take precedence over diversity cases )

**111. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above Mark this section for each principal party

**IV. Nature of Suit.** Place an "X" in the appropriate box If the nature of suit cannot be determined, be sure the cause of action, in Section IV above is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit If the cause fits more than one nature of suit, select the most definitive

**V. Origin. Place an 'X" in one of the seven boxes.**

Original Proceedings (1) Cases which originate in the United States district courts

Removed from State Court (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 I S C , Section 1441 When the petition for removal is granted, check this box

Remanded from Appellate Court (3) Check this box for cases remanded to the district court for further action Use the date of remand as the filing date

Reinstated or Reopened (4) Check this box for cases reinstated or reopened in the district court Use the reopening date as the filing date

Transferred from Another District (5) For cases transferred under Title 28 U S C Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers

Multidistrict Litigation (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U S C Section 1407 When this box is checked, do not check (5) above

Appeal to District Judge from Magistrate Judgment (7) Check this box for an appeal from a magistrate judge's decision

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause

**VII. Requested in Complaint.** Class Action Place an "X" in this box if you are filing a class action under Rule 23, ER Cv P

Demand In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded

**VIII. Related Cases.** This section of the JS-44 is used to reference related pending cases if any If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases

**Date and Attorney Signature.** Date and sign the civil cover sheet

RB
RIDER BENNETT
EGAN & ARUNDEL

Attorneys at Law
A Professional Limited Liability Partnership
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402

Telephone • 612 • 340 • 7951
Fax • 612 • 340 • 7900
www riderlaw com

RECEIVED
01 DEC 20 PM 3: 31
CLERK, U S DIST COURT
MINNEAPOLIS, MN

**Doreen A. Mohs**
(612) 340-8979
damohs@riderlaw com

December 20, 2001

Court Administrator
U.S. Courthouse
300 South Fourth Street
Suite 202
Minneapolis, MN 55415

**VIA MESSENGER**

Re: Tammy Taylor v. Bristol-Myers Squibb Company
Civil Case No. 01-2122 ADM/AJB

Dear Court Administrator:

Enclosed for filing please find the Stipulation Extending Time to Answer, Move or Plead and Order in the above-referenced case By copy of this letter, the Magistrate Judge also is being provided with a copy of the same for his review and signature

Sincerely,

RIDER, BENNETT, EGAN & ARUNDEL, LLP

By Doreen A Mohs
Doreen A. Mohs

DAM/cg
Enclosure
cc: Magistrate Judge Arthur J Boylan (via facsimile w/encl.)

781621-1