UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TAMMY TAYLOR,

Plaintiff,

Case No. 01-2122 (ADM/AJB)

v.

**RULE 26(F) REPORT**

BRISTOL-MYERS SQUIBB COMPANY,

Defendant.

---

The pretrial conference in this matter is scheduled for **December 7, 2004 at 2:45 p.m.,** before the United States Magistrate Judge Arthur J. Boylan, in Chambers at 638 U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota. Defense counsel and plaintiff's counsel, Mr. David Suggs, will attend the conference in person. Ms. Jane Joseph, one of plaintiff's counsel who resides in Ohio, requests permission to participate in the conference by telephone. .

1. DATE AND PLACE OF THE MEETING AND IDENTIFICATION OF THE PARTIES AND THEIR ATTORNEYS

a. The date and place at which the meeting was held

The parties conferred on November 23, 2004, by telephone.

b. Name, address and occupation or business of each party, together with the name, address, and telephone number of the attorneys who represented each party at the meeting; and

**PLAINTIFF, TAMMY TAYLOR, REPRESENTED BY:**
David L. Suggs, Esq.
Lopez, Hodes, Restaino, Milman, Skikos & Polos
27995 Boulder Circle
Shorewood, MN 55331
Phone: 952-401-4377

Jane Joseph, Esq.
Lopez, Hodes, Restaino, Milman, & Skikos
13938A Cedar Rd., Suite 373
Cleveland, OH 44118

**DEFENDANT, BRISTOL-MYERS SQUIBB, REPRESENTED BY**
Richard Nygaard, Esq.
Doreen Mohs, Esq.
Rider Bennett, LLP
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
Phone: (612) 340-7912/8979

Phone: 330-425-3957
Phone: 216-921-9314

c. Name of insurance carriers that may be liable for the defense or payment of any damage award.

None.

2. DESCRIPTION OF CASE

a. A concise statement of the jurisdictional basis of the case, giving statutory citation and brief narrative description

Plaintiff brought her lawsuit in the District Court of Minnesota in November 2001. Plaintiff asserted this Court had jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and because there is complete diversity of citizenship between the plaintiff and the defendant.

On August 28, 2001, the Judicial Panel for Multidistrict Litigation ("JPML") designated the United States District Court, Western District of Washington at Seattle, as the court to handle the multidistrict litigation ("MDL") regarding PPA for pre-trial consolidation and coordination, *In re: Phenylpropanolamine ("PPA") Product Liability Litigation, MDL No. 1407.*

This matter was transferred to and litigated in the MDL pursuant to the MDL Case Management Orders. The MDL remanded this action to the District Court of Minnesota and issued its Final Pretrial Order dated October 15, 2004.

b. A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

Plaintiff Tammy Taylor alleges that she ingested two Comtrex Maximum Strength Liqui-gels (regular) and two Comtrex Maximum Strength Liqui-gels (non-drowsy) shortly before she sustained a subarachnoid hemorrhagic stroke. In November 2001, plaintiff brought this lawsuit against Bristol-Myers Squibb, who manufactured the Comtrex products plaintiff alleges caused her stroke. Plaintiff asserted claims of negligence, strict liability, breach of implied warranty of merchantability, breach of express warranty, strict liability misrepresentation, negligent misrepresentation, violation of the False Statement in Advertising Act and the Minnesota Prevention of Consumer Fraud Act, negligence per se and violation of Minn. Stat. §§ 151.34 and .36.

Bristol-Myers Squibb submitted an Answer denying all claims asserted by Plaintiff, and alleged forty-four separate affirmative defenses. Given the number of defenses, please refer to the Answer for the defenses asserted by Bristol-Myers Squibb.

c. A summary itemization of the dollar amount of each element of the alleged damages

Plaintiff will seek recovery of special damages for past, current and future expenses, including medical expenses and loss of future earnings. Plaintiff will also seek general damages for pain and suffering.

Past, Current and Future Medical Expenses: Approximately $45,000

Future Wage Loss: Approximately $750,000

Pain and Suffering: $850,000

3. PLEADINGS

a. Statement of whether the complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;

The Complaint and Answer have been filed. Pursuant to Minnesota Statutes Sections 549.191 and 549.20, Plaintiff intends to move the Court for permission to amend her complaint to allege a claim for punitive damages.

b. The date by which all motions that seek to amend the pleadings or add parties will be filed; and

Plaintiff will file her motion for leave to amend the complaint to allege punitive damages on or before February 28, 2005.

c. Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

A jury trial has been timely demanded by plaintiff and defendant.

4. DISCOVERY PLAN

a. Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed);

The parties agree that Initial Disclosures are not necessary because the information that is typically disclosed in that pleading has been exchanged in the MDL process or is otherwise provided herein, including an itemization of damages listed in section 2.c. above, and the information regarding insurance coverage in section 1.c. above.

b. Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced;

MDL Case Management Order 18A required the parties to address alternative dispute resolution. The parties agreed to engage in informal settlement discussions. The parties are continuing their settlement discussions and do not currently see a need to engage in other forms of alternative dispute resolution. If either party believes alternative dispute resolution would be helpful to the case, that party will so inform the Court.

c. Whether discovery should be conducted in phases, or limited to or focused upon, particular issues.

The parties have completed initial discovery per the MDL Case Management Orders. See also the MDL Final Pretrial Order. At this time, Bristol-Myers Squibb anticipates case specific discovery regarding experts, conducting independent medical and vocational examinations regarding plaintiff's alleged medical and vocational damages, and discovery (written discovery and depositions) regarding plaintiff's medical and economic situation and alleged damages.

Plaintiff will oppose defendant's Rule 35 motion for physical and/or mental examination of plaintiff. Plaintiff will also oppose additional deposition discovery of fact witnesses.

d. The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B);

The parties have identified generic experts, submitted reports and conducted expert depositions of generic/general causation and liability experts in the MDL. Plaintiff has filed her notice of intent to adopt all the generic/general causation and liability experts disclosed by the Select MDL Plaintiffs On October 1, 2002.

Plaintiff proposes that the parties must simultaneously identify case-specific experts and provide expert reports by **April 7, 2005** and that the parties must identify any supplemental or rebuttal experts by **May 7, 2005**.

Defendant proposes that Plaintiff must identify case-specific expert(s) and provide expert reports by **April 7, 2005** and that Defendant must identify case-specific expert(s) and provide reports by **May 15, 2005.** Plaintiff must then submit any rebuttal expert reports by **June 1, 2004.**

e. The number of interrogatories each party shall be permitted to serve:

Bristol-Myers Squibb anticipates that 10 supplemental interrogatories are needed to prepare for trial, update plaintiff's alleged damages and obtain updated medical records.

Plaintiff proposes that each side may serve 10 supplemental interrogatories to prepare for trial, update plaintiff's alleged damages and obtain updated medical records.

Bristol-Myers Squibb opposes plaintiff's request for 10 supplemental interrogatories because plaintiff does not have a need for this discovery to update her damages as Bristol-Myers Squibb does.

f. The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take:

Plaintiff objects to any further depositions absent agreement of counsel or upon a showing of good cause because all case-specific discovery was completed in the MDL proceedings.

Defendant requests it be permitted to take 4 additional non-expert depositions.

g. The number of expert depositions each party shall be permitted to take:

**10**

5. <u>CLOSE OF DISCOVERY AND NON-DISPOSITIVE MOTIONS</u>

The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served:

**July 1, 2005**

6. <u>DISPOSITIVE MOTIONS AND TRIAL</u>

a. Date by which all dispositive motions shall be served, filed and heard by the Court:

**August 1, 2005**

b. Date by which case will be ready for trial:

**September 1, 2005**

c. The number of expert witnesses each party expects to call at trial: **8 medical, 2 vocational.**

d. Estimated trial time (including jury selection and instructions, if applicable.

Plaintiff estimates **10 days**

Defendant estimates **7 days**

RIDER BENNETT, LLP

Dated: December 1, 2004

By s/Richard J. Nygaard
Richard J. Nygaard (80226)
Doreen A. Mohs (249968)
Joanne M. Haase (328261)
Attorneys for Defendant Bristol-Myers Squibb Company
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
(612) 340-7912/8979/8942

LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS
Attorneys for Plaintiff Tammy Taylor
27995 Boulder Circle
Shorewood, MN 55331
(952) 401-4377

By s/Jane E. Joseph
David L. Suggs ( 0147485)
Jane E. Joseph (167988)



1201847-1